**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**STONEY W. AULT,**

       **Petitioner**,

**v.**　　　　　　　　　　　　　　　　　　　　　　**Civil Action No. 2:07cv88**
　　　　　　　　　　　　　　　　　　　　　　　　　**(Judge Maxwell)**

**TERESA WAID, Warden,**

       **Respondent.**

**ORDER REFUNDING DUPLICATE $5.00 FILING FEE**
**AND DENYING APPOINTED COUNSEL**

The *pro se* petitioner initiated this § 2254 action in the Southern District of West Virginia on October 25, 2007. Because the petitioner's conviction and sentence were imposed in the Circuit Court of Grant County, West Virginia, the case was transferred to this Court on October 30, 2007. The docket sheet received from the Southern District reflects that the petitioner paid the $5.00 filing fee and also filed a Motion for Leave to Proceed In Forma Pauperis ("IFP") at the time this case was initiated. Therefore, when the case was received by this Court, the plaintiff's Motion to Proceed IFP was still pending.

Moreover, on November 13, 2007, the petitioner filed a Prisoner Trust Account Report with attached ledger sheets in this Court. Thus, the undersigned reviewed the pending IFP motion and the petitioner's financial documents. Based on the ledger sheets to the petitioner's inmate account, the undersigned determined that the petitioner was a pauper and granted his motion. However, due to an administrative error, the Court also directed the petitioner to repay the $5.00 filing fee.

On November 26, 2007, the petitioner filed a Response to Order Direction (sic) to Pay $5.00

Filing Fee and Request for Appointed Counsel. In this document, the petitioner asserts that he paid the $5.00 filing fee to the Southern District of West Virginia. Therefore, the petitioner asserts that he is ill-equipped to challenge his conviction and sentence without legal guidance and requests that counsel be appointed to represent him. However, instead of simply requesting reconsideration of the Court's prior order, or otherwise requesting the Court review the record of the Southern District of West Virginia, the petitioner repaid the $5.00 filing fee. Thus, the petitioner has twice paid the $5.00 filing fee. Accordingly, the Clerk is directed to **REFUND** to the petitioner, the $5.00 filing fee paid to this Court on November 26, 2007, receipt number 52233.

As to the petitioner's request for counsel, the authority to appoint counsel in a § 2254 action is discretionary as there is no Constitutional right to have appointed counsel in post conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551 (1987). Nonetheless, a Court may appoint counsel to a financially eligible person in a § 2254 action if justice so requires. See 28 U.S.C. § 2254(h); 18 U.S.C. § 3006(A). However, the appointment of counsel for a § 2254 petitioner who qualifies pursuant to 18 U.S.C. § 3006(A), is only required when necessary for utilization of discovery procedures and when an evidentiary hearing is required. See Rules 6(a) and 8(c) of the Rules Governing Section 2254 cases in the United States District Courts.

Upon a review of the file, the undersigned notes that the Court has not yet conducted a preliminary review of the file and the respondent has not been directed to file a response to the petition. Moreover, a review of the petition shows that the issues in this case do not appear to be complex. Thus, the need for discovery or an evidentiary hearing is not readily apparent at this time and the petitioner has failed to show a need for appointed counsel. Accordingly, the petitioner's Request for Appointment of Counsel (dckt. 11) is **DENIED**.

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Order to the *pro se* petitioner.

DATED: November 29, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE